UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| HATEM MERHI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: _____ |
| | ) |
| LOWER VALLEY WATER DISTRICT | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant, LOWER VALLEY WATER DISTRICT, files their notice of removal, and as grounds therefore would show as follows:

1. Defendant LOWER VALLEY WATER DISTRICT (hereinafter "Defendant") is named as a Defendant in Cause Number 2019DCV2315, a civil action commenced in the 168th Judicial District for El Paso County, Texas, styled "*Hatem Merhi v. Lower Valley Water District*" (hereinafter referred to as "the state court action"). As required by 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the Defendant in the state court action are attached to this notice as Exhibit "A".

2. The state court action described above is one over which this Court has original jurisdiction under 42 U.S.C. Chapter 126 § 12101 et seq., and may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a) without regard to the citizenship of the parties or the amount in controversy, in that it is a civil action arising under the Americans with Disabilities Act ("ADA").

3. On or about July 1, 2019, Defendant LOWER VALLEY WATER DISTRICT received Plaintiff's Original Petition in the state court action asserting causes of action alleging

that Defendant's termination of the Plaintiff was done because of his disability in violation of the Americans with Disabilities Act. This notice is therefore timely under 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days from date of the Defendant's first receipt of the pleading upon which the Plaintiff's claims are based.

4. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel for Defendant certifies that he has given notice of this removal to all adverse parties and has filed a copy of this notice with the Clerk of the District Court of El Paso County, Texas.

WHEREFORE, Defendant LOWER VALLEY WATER DISTRICT prays that this case proceed in this Court as an action properly removed thereto.

DATED:     July 22, 2019

                                              Respectfully submitted,

**WINDLE, HOOD, NORTON,**
**BRITTAIN & JAY, LLP**
Chase Tower, Suite 1350
201 East Main Drive
El Paso, Texas 79901
Telephone: (915) 545-4900
Telecopier: (915) 545-4911

By:/s/ Eric M. Brittain
    **Eric M. Brittain**
    State Bar No.: 00783724
    Attorney for Defendant
    LOWER VALLEY WATER DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2019, a true and correct copy of the foregoing document was served electronically via the Court's electronic filing system and e-mail on the following attorneys of record:

Enrique Chavez, Jr.
enriquezchavezjr@chavezlawpc.com
Michael R. Anderson
Chavezlawfirm+manderson@chavezlawpc.com
Chavez Law Firm
2101 North Stanton Street
El Paso, Texas 79902

/s/ Eric M. Brittain
**Eric M. Brittain**

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back

Location : All Courts  Help

# REGISTER OF ACTIONS
## CASE NO. 2019DCV2315

| | | |
|---|---|---|
| Hatem Merhi vs Lower Valley Water District | § § § § § | Case Type: **Wrongful Termination**<br>Date Filed: **06/18/2019**<br>Location: **168th District Court** |

### PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| **Defendant** | Lower Valley Water District | | |
| **Plaintiff** | Merhi, Hatem | | ENRIQUE CHAVEZ, Jr.<br>*Retained*<br>915-351-7772(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**
06/18/2019 Original Petition (OCA)   Doc ID# 1
06/18/2019 E-File Event Original Filing
06/24/2019 Citation
             Lower Valley Water District          Unserved



Case 3:19-cv-00199 Document 1 Filed 07/22/19 Page 5 of 15

El Paso County - 168th District Court

Filed 6/18/2019 4:38 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2315

HATEM MERHI,
    Plaintiff,
v.

LOWER VALLEY WATER DISTRICT,
    Defendant.

Cause No.

Jury Trial Demanded

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

Plaintiff, Hatem Merhi ("Employee Merhi" or "Plaintiff"), now files this Original Petition complaining of Defendant Lower Valley Water District ("Employer LVWD", "Government Employer LVWD", or "Defendant"), and respectfully shows as follows:

### I. DISCOVERY LEVEL

1. Discovery is intended to be conducted under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff Hatem Merhi is a natural person residing in Bexar County, Texas.

3. Defendant Lower Valley Water District is a Texas State Agency authorized to do business in the State of Texas and may be served with citation by serving its President, Rosalinda Vigil, at 1557 FM Road 1110, Clint, Texas 79836, or wherever she may be found.

### III. VENUE

4. Pursuant to Texas Civil Practice and Remedies Code Section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in El Paso, Texas.

## IV. CHRONOLOGY

5. Employers MUST prevent disability discrimination at work to protect employees, like all of us, from financial injuries and emotional trauma.

6. Employers MUST prevent retaliatory job terminations against employees who take disability and medical leave to protect employees, like all of us, from financial injuries and emotional trauma.

7. The Lower Valley Water District is an employer.

8. Employer LVWD MUST prevent disability discrimination at work to protect employees, like all of us, from financial injuries and emotional trauma.

9. Employer LVWD MUST prevent retaliatory job terminations against employees who take disability and medical leave to protect employees, like all of us, from financial injuries and emotional trauma.

10. On or about April 16, 2018, Employer LVWD hires an Employee as Information Technology Director.

11. On or about June 2018, Government Employer LVWD promotes the Employee to Chief Information Officer.

12. Employer LVWD General Manager Gerald Grijalva publicly berates the Employee on numerous occasions.

13. Employer LVWD General Manager Gerald Grijalva publicly yells at the Employee.

14. Employer LVWD General Manager Gerald Grijalva publicly disciplines the Employee.

15. Employer LVWD General Manager Gerald Grijalva's treatment toward the Employee causes the Employee's serious medical condition - anxiety and high blood pressure - to worsen.

16. On March 1, 2019, Employer LVWD receives the Employee's request for a reasonable accommodation for his own serious medical condition - anxiety and high blood pressure - in the form of temporary medical leave.

17. On March 3 or 4, 2019, Employer LVWD receives the Employee's request for a reasonable accommodation, through a letter from the Employee's doctor stating the Employee is to be out on medical leave from March 1-12, 2019.

18. On March 11, 2019, Employer LVWD General Manager Gerald Grijalva terminates the Employee while the Employee is out on protected medical leave.

19. Employer LVWD General Manager Gerald Grijalva terminates the Employee for being disabled and for requesting a reasonable accommodation in the form of temporary medical leave.

20. That Employee is Hatem Merhi.

## V. CAUSES OF ACTION

### Disability Discrimination and Retaliation

21. Plaintiff was discriminated, retaliated against, and fired in violation of the Texas Commission on Human Rights Act, codified at Texas Labor Code Chapter 21, which protects disabled employees from discrimination, as well as the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008.

22. All conditions precedent to the filing of this action have occurred or have been fulfilled.

## VI. DAMAGES

23. As a direct and proximate result of Defendant's retaliation and conduct against Plaintiff as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include in the past and the future: lost wages and benefits; employment opportunities; lost income;

loss of earning capacity; mental anguish; emotional pain and suffering; inconvenience; loss of enjoyment of life; and other non-pecuniary losses.

## VII. JURY DEMAND

24. Plaintiff requests that this case be decided by a jury as allowed by Texas Rule of Civil Procedure 216.

## VIII. REQUEST FOR DISCLOSURE

25. Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose the information and material described in Rule 194.2(a)-(k).

## IX. PRAYER

26. Plaintiff prays that he recover from Defendant actual damages over $200,000.00 but not more than $1,000,000.00, including but not limited to pain and suffering, bodily injury, mental anguish, impairment, inconvenience, loss of enjoyment of life, lost wages and benefits, loss of earning capacity, punitive damages, prejudgment and post judgment interest as allowed by law, attorneys fees, costs of suit, and such other and further relief to which Plaintiff may be justly entitled in law and in equity.

**SIGNED** on this June 18, 2019.

Respectfully submitted,

Chavez Law Firm
2101 North Stanton Street
El Paso, Texas 79902
(915) 351-7772
(915) 351-7773 facsimile

By: *Michael R. Anderson*
Enrique Chavez, Jr. / State Bar No.: 24001873
enriquechavezjr@chavezlawpc.com
Michael R. Anderson / State Bar No. 24087103
chavezlawfirm+manderson@chavezlawp.com
*Attorneys for Plaintiff*

# Exhibit A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Hatem Merhi  
11815 Vance Jackson Rd.  
#802  
San Antonio, TX 78230

From: El Paso Area Office  
100 N. Stanton St.  
6th Floor, Suite 600  
El Paso, TX 79901

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 453-2019-00643 | Jessie E. Moreno, Investigator | (915) 534-4528 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination In Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Lucy V. Orta,  
Area Office Director

MAR 2 2 2019  
(Date Mailed)

Enclosures(s)

cc: Sabrina Ontiveros  
HR Director  
Lower Valley Water District  
1557 FM Road 1110  
P.O. Box 909  
Clint, TX 79836

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) **is a disability if it would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **LOWER VALLEY WATER DISTRICT**, which may be served with process **by serving its President, ROSALINDA VIGIL, at 1557 FM Road 1110, CLINT, TX 79836** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Request for Disclosure** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 168th Judicial District Court, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 18th day of June, 2019 by Attorney at Law, ENRIQUE CHAVEZ, JR., 2101 N. STANTON ST., EL PASO, TX 79902, in this case numbered **2019DCV2315** on the docket of said court, and styled:

**HATEM MERHI**
**VS**
**LOWER VALLEY WATER DISTRICT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Request for Disclosure** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 24th day of June, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: __NORMA FAVELA BARCELEAU__   District Clerk
El Paso County, Texas

By: ____Veronica Cables____, Deputy
Veronica Cables

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20___, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of **Plaintiff's Original Petition and Request for Disclosure**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy ____ $ _____  _____ Sheriff

                                         _____ County, Texas

Total _____ $ _____  by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____

_____ on the _____ day of _____,

20_____, at _____ o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____ County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE** _____ **DAY OF** _____, 20____.

**(SEAL)**

_____
**NOTARY PUBLIC, STATE OF TEXAS**